**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Commodity Futures Trading Commission,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **William Thomas Caniff,** | ) | |
| **Arie Bos,** | ) | **Case No: 1:19-CV-02935** |
| **Berkley Capital Management, LLC,** | ) | **Judge Robert M. Dow, Jr.** |
| **BBOT 1, LP, and** | ) | |
| **Berkley II, LP,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANT WILLIAM THOMAS CANIFF**

On May 1, 2019, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint against William Thomas Caniff ("Caniff"), Arie Bos ("Bos"), Berkley Capital Management, LLC ("BCM"), BBOT 1, LP ("BBOT") and Berkley II, LP ("Berkley II") (collectively, "Defendants") seeking injunctive and other equitable relief for anti- fraud violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1-26 (2012), and Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. Pts. 1-190 (2018) ("Complaint"). The Complaint alleges that since at least January 2016, and continuing through the present, Caniff, Bos, BCM, BBOT and Berkley II have engaged in a scheme whereby they fraudulently solicited and accepted at least $4.8 million from at least 62 commodity pool participants for the purpose of trading binary options on or subject to the rules of a designated contract market in pool accounts to be managed by BCM. The Complaint also alleges that Caniff opened a binary options trading account at a designated contract market in Chicago, Illinois, the North American Derivatives Exchange, Inc. ("NADEX") by lying on his NADEX application to conceal his lengthy history of

criminal convictions for various financial and violent crimes. The Complaint further alleges that Caniff only deposited $85,000 of the millions received from participants into the NADEX trading account, did only limited trading and, overall, lost money. The Complaint further alleges that Caniff sent Bos trading results showing that millions of dollars in profits were earned through this trading and that, although Bos knew that only $85,000 was sent to the trading firm, he used Caniff's reports of millions of dollars in profits being generated to solicit pool participants and to issue false statements to at least one participant that her account was profitable. The Complaint alleges further that Caniff paid back approximately $2.3 million to participants and misappropriated an additional $2.3 million by paying himself and Bos $1.2 to $1.1 million each, respectively, as "fees," leaving an investor shortfall of approximately $2.5 million.

By engaging in the aforementioned conduct, the CFTC's Complaint further alleges that Defendants Caniff, Bos, BCM, BBOT and Berkley II have engaged in, are engaging in, or are about to engage in violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2012) and Commission Regulation promulgated thereunder ("Regulation") 32.4, 17 C.F.R. § 32.4 (2018). Further, the Complaint alleges that Defendant Caniff has engaged in, is engaging in, or is about to engage in violations of Section 9(a)(4) of the Act, 7 U.S.C. §13(a)(4)(2012).

On May 1, 2019, after considering the CFTC's Complaint, its Motion for Entry of a Statutory Restraining Order ("SRO"), and the Memorandum and declarations and exhibits in support of the SRO, this Court entered a Statutory Restraining Order against the Defendants, and scheduled a hearing on the CFTC's Motion for Preliminary Injunction.

Caniff, without admitting the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order and states that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or

representative thereof, to induce them to consent to this Order. The findings and conclusions in this Consent Order are not binding on any other party to this action.

In consideration of the foregoing, and based on the entire record in this case, the Court finds that there is good cause to believe that a preliminary injunction is proper in this case to preserve the status quo, prevent the withdrawal, transfer, removal, dissipation, or disposal of assets; prevent the destruction, alteration, or disposal of books and records and other documents; protect members of the public members of the public from loss and damage; and enable the CFTC to fulfill its statutory duties. The Court hereby grants the Motion for Preliminary Injunction against Defendant Caniff on the terms and conditions to which the CFTC and Defendant Caniff have stipulated, as set forth below:

## I. RELIEF GRANTED

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

### A. JURISDICTION, VENUE, SERVICE AND FINDINGS

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (2012) (federal question jurisdiction) and 28 U.S.C. § 1345 (2012) (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). This Court has jurisdiction over the subject matter of this action and Defendant Caniff hereto pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), in that Defendant Caniff transacted business in this district, and the actions and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendant Caniff has been formally served with the Complaint and Summons in this matter on May 2, 2019.

4. Defendant Caniff waives the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## B. DEFINITIONS

For purposes of this Order, the following definitions apply:

1. The terms "assets" encompasses any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, account (including but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located, whether in the United States or outside the United States.

2. The term "records" encompasses "documents" and "electronically stored information" as those terms are used in Fed. R. Civ. P. 34(a), and include, but are not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data and data compilations – stored in any medium from which information can be obtained or translated, if necessary, into reasonable usable form. The term "records" also refers to each and every such item in Defendant's actual or constructive possession, including but not limited to: (i) all such items within the custody or control of any agents, employers, employees, or partners of the Defendant and (ii) all items which Defendant has a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate item within the meaning of the terms. A record also includes the file and folder tabs associated with each original and copy.

**IT IS THEREFORE ORDERED THAT:**

**C. INJUNCTIVE RELIEF**

1. Defendant Caniff, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, contractor or attorney of Defendants Caniff, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Caniff, are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

(1) (a) cheating or defrauding or attempting to cheat and defraud any other person; (b) making or causing to be made to any other person any false report or statement thereof or causing to be entered for any person any false record thereof; and (c) deceiving or attempting to deceive any other person by any means whatsoever in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity option transaction, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b)(2012) and Regulation 32.4, 17 C.F.R. § 32.4 (2018);

(2) willfully falsifying, concealing, or covering up by any trick, scheme, or artifice, a material fact, making any false, fictitious, or fraudulent statements or representations, or making or using any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement, or entry to a registered entity, board of trade, swap data repository, or futures association designated or registered under this Act in furtherance of its official duties under this Act, in violation of Section 9(a)(4) of the Act, 7 U.S.C. § 13(a)(4) (2012).

**IT IS FURTHER ORDERED THAT:**

2. Caniff, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, contractor or attorney of Caniff, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Caniff, are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012)); entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2018)) for his personal account or for any account in which he has a direct or indirect interest;

b. (i) having any commodity interests traded on his behalf; (ii) controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests; or (iii) soliciting, receiving or accepting funds from any person for the purpose of purchasing or selling any commodity interests;

c. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2018); and

d. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2018)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9) (2018).

**IT IS FURTHER ORDERED THAT:**

3. Defendant Caniff, and any firm, corporation, or other person or entity with notice that holds any accounts, funds, assets, or other property of Defendant Caniff, is prohibited from withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, encumbering, disbursing, converting, selling, or otherwise disposing of, in any manner, any funds, assets, or other property of Defendant Caniff, wherever situated.

4. Defendant Caniff, and all persons insofar as they are acting in the capacity of Defendant Caniff's agents, servants, successors, employees, contractors, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Caniff who receive actual notice of such order by personal service or otherwise, are restrained, enjoined and prohibited, from destroying, mutilating, concealing, altering, or disposing of, in any manner, any books, records, or other documents of Defendant Caniff, including all such records concerning Caniff's solicitation and trading activities, wherever located.

5. Defendant Caniff, and all persons insofar as they are acting in the capacity of Defendant Caniff's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendant Caniff who receive actual notice of such order by personal service or otherwise, are prohibited from refusing to permit authorized representatives of the CFTC to inspect and copy, when and as reasonably requested, any books, records, or other documents of Defendant Caniff, pertaining to all business activities and business and personal finances of Defendant Caniff, including, but not limited to, all such records concerning Defendant Caniff's solicitation and trading activities, wherever located, and whether they are in the possession of Defendant Caniff or others, either on or off the premises where they may be situated;

6. To facilitate meaningful inspection and review, Defendant Caniff shall allow representatives of the Commission to make copies of said documents and electronically stored information, and if on-site copying of documents and electronically stored information is not practicable, representatives may make such copies off-site. After any such off-site copying, Plaintiff shall promptly return the original documents and devices upon which electronic information is stored.

7. To further facilitate meaningful inspection and review of the items in paragraphs 5 and 6, Defendant Caniff shall, absent a valid assertion of his right against self-incrimination under the Fifth Amendment, promptly provide Commission staff with:

a. the location of all records relating or referring to the business activities and business and personal finances of Defendant Caniff;

b. all identification numbers and other identifying information for websites, cloud storage services, email and smartphone accounts, and all accounts at any bank, financial institution or brokerage firm (including any introducing broker or futures

commission merchant) owned, controlled or operated by Defendant Caniff, or to which Defendant Caniff has access; and

c. all passwords to, and the location, make and model of, all computers and/or mobile electronic devices owned and/or used by Defendant Caniff in connection with his business activities and business and personal finances.

8. When inspecting records that are subject to this Order, including those contained on computer(s) and/or other electronic device(s), the Commission should undertake reasonable measures to prevent review of the Defendant's privileged communications by the Commission's attorneys and other staff who are part of the litigation team in this matter.

Moreover, Defendant Caniff (or his counsel) shall promptly contact Plaintiff's counsel to assert any claims of privilege [or other legal objections] relating to the contents of any records that are subject to this Order and promptly cooperate with Plaintiff's counsel to develop reasonable protocols to isolate and prevent disclosure of claimed privileged materials to the Commission's attorneys and other staff who are part of the litigation team in this matter. However, nothing herein shall excuse Defendant Caniff from full and immediate compliance with this Court's Order permitting Plaintiff to inspect the books and records which relate to Defendant's business activities and his business and personal finances.

**IT IS FURTHER ORDERED THAT:**

9. The injunctive provisions of this Order shall be binding on Caniff, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee, contractor, or attorney of Defendant Caniff, and upon any person who receives actual notice of this Order by personal service or otherwise, including by United Parcel Service, Federal Express,

or other commercial overnight service, electronic mail, or facsimile, insofar as he or she is acting in active concert or participation with Caniff.

**IT IS FURTHER ORDERED THAT:**

10. Defendant Caniff shall, subject to a valid assertion of his rights against self-incrimination under the Fifth Amendment, prepare, sign and file with the Court, subject to his constitutional rights, within twenty one (21) calendar days of the date of this Order, a complete and accurate accounting of all of Defendant Caniff's assets and liabilities, wherever located, together with all funds Defendant Caniff received from and paid to others in connection with futures of foreign currency transactions or purported futures or foreign currency transactions. Such accountings shall include, without limitation, the identification of:

a. All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Canoiff, whether individually or jointly, including accounts or assets of Caniff held by financial institutions located inside and outside the territorial United States;

b. All funds, securities, commodity interests, assets and other property received directly or indirectly by Caniff, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Caniff held by financial institutions located inside and outside the territorial United States;

c. All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Caniff, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Caniff held by financial institutions located inside and outside the territorial United States;

d. The names and last known addresses, phone numbers and email addresses of each client of Defendants from January 2016 to the present, including the dates of all funds transferred from clients to any of the Defendants and any corresponding returns of funds to clients ; and

e. The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Caniff.

## II. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT:**

As Plaintiff Commission has made a proper showing under Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), it is not required to post any bond in connection with this Order.

## III. SERVICE OF THE ORDER

**IT IS FURTHER ORDERED THAT:**

Copies of this Order may be served by any means, including by way of personal service, United Parcel Service, Federal Express, or other commercial overnight service, electronic mail, facsimile, or pursuant to Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Caniff, or that may be subject to any provision of this Order. Joseph Patrick, Susan Padove, Lyndsey Evans, Ray Lavko, and Venice Bickham, employees of the CFTC, are hereby specially appointed to serve process, and/or effectuate service of process, including this Order and all other papers in this cause.

## IV. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED THAT:**

The Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff CFTC by delivering a copy to Susan Padove, Senior Trial Attorney, or Lindsey Evans, Chief Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 West Monroe Street, Suite 1100, Chicago, Illinois, 60661, and/or by filing such pleadings or other materials electronically with the Court pursuant to the Court's requirements.

## V. COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED THAT:**

This Order shall remain in full force and effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. This Order supersedes the Statutory Restraining Order entered by this Court on May 1, 2019 as it relates to Defendant Caniff. Nothing herein shall prevent any party from seeking relief from or amendments to this Order.

**IT IS SO ORDERED**.

DATED May 28, 2019

The Honorable Robert M. Dow, Jr.
United States District Court Judge

**CONSENTED TO AND APPROVED BY:**

______________________________
By: William Thomas Caniff, *pro se*

Dated: ______________________

____________________________________
Susan B. Padove

Attorney for Plaintiff Commodity Futures Trading Commission
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0700
(312) 596-0714 (facsimile)
spadove@cftc.gov

Dated__________________________, 2019